UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JASON LANNING,

        Petitioner,

v.

PAT GLEBE, Superintendent,

        Respondent.

Case No. C09-1181-JLR-BAT

**REPORT AND RECOMMENDATION**

## I. INTRODUCTION

Petitioner Jason Lanning, a Washington State prisoner, has filed an amended petition for a writ of habeas corpus under 28 U.S.C. § 2254 seeking relief from his 2006 conviction for residential burglary. Dkt. 8. Respondent has filed an answer addressing two of the 13 claims Lanning has raised. Dkt. 13. Respondent argues that Lanning's first claim, the evidence is insufficient to support a conviction, lacks merit and that the second claim, restitution was erroneously ordered, has not been properly exhausted. *Id.* at 4. Lanning has not filed a response. The matter has been referred to Magistrate Judge Brian A. Tsuchida pursuant to the Court's General Order governing prisoner cases. The Court, having reviewed the pleadings and the record recommends the amended habeas petition be **DENIED** and this action **DISMISSED** with prejudice.

REPORT AND RECOMMENDATION – 1

## II. BACKGROUND

The Washington Court of Appeals summarized the facts regarding Lanning's case as follows:

> Diana Dobson stayed home from work because she was sick. The doorbell rang but she decided not to answer it because of her illness and because she was not expecting anyone. The doorbell stopped ringing but soon there was knocking on the front door. Then Dobson began to hear scraping at a side window, so she got up to see what was happening. As the scraping continued, Dobson became frightened and called 911. While on the phone with the 911 operator, she heard additional scraping at other windows. She went to check out the situation and saw a person in a blue stocking cap go by under another window. Dobson heard more knocking and banging at the back door and then at a back window. Dobson again heard scraping noises from a front window and as she became more frightened, at the suggestion of the 911 operator, she hid in the bathroom and braced the door with her body. While there, Dobson thought she heard a floorboard creak in the dining room and believed someone was in the house.
>
> A police officer arrived at the residence and encountered Jason Lanning, who tried to flee. After a brief chase Lanning stopped and surrendered as ordered. Lanning was advised of his rights and arrested.
>
> Lanning told the officer it was a friend's house and the friend told him it was okay to enter through the window. The officer found dark gloves, a knife with a broken tip and an empty backpack with Lanning. By this time back-up officers arrived.
>
> The window screens had been removed from the front windows of the residence. One of the front windows had been pried out of its track and pushed inward a couple of inches. The window pushed a candle off the windowsill, causing the candle to fall to the floor.
>
> The 911 operator told Dobson that police had a person in custody, but she refused to come out of the bathroom because she was afraid someone might still be inside the house. When the operator told her that the officers would break down the door if she did not come out, she gave the officers approval to break down the back door. After entering, they found no one inside other than Dobson. Nothing was missing inside the house, but Dobson noticed the candle from the front windowsill was knocked to the floor.

> Lanning was charged with residential burglary. At trial the jury was instructed on the charges of residential burglary as well as a lesser included offense of attempted residential burglary. Lanning admitted he used the knife to pop out the frame of one of the front windows, pushing it off its track. He also admitted he planned to enter the residence and steal something from inside. But Lanning testified he never actually went into the residence and never put his hands inside the residence. The jury convicted Lanning of residential burglary and he was sentenced within the standard range.
>
> A restitution hearing was held and restitution of $1,009.94 was ordered for the cost to repair the back door. The door was broken down by the officers who entered to determine if others were inside the house.
>
> Lanning appeals the conviction, arguing there was insufficient evidence of entry for the jury to convict him of residential burglary. He also claims the trial court erred in imposing restitution, as the police entry by force was unnecessary and not causally related to his actions.

Dkt. 14, ex. 6, Unpublished Opinion, *State v. Lanning*, No. 58042-6-1, 139 Wash. App. 1095, 2007 WL 2234597 (Wash. App. Aug. 6, 2007).

A jury found Lanning guilty of residential burglary. *Id.* Lanning appealed his conviction to the Washington Court of Appeals, Div. I ("court of appeals"). On direct appeal, Lanning's lawyer argued there was insufficient evidence to prove Lanning entered the house. *Id.* Citing to state law only, Lanning's lawyer also argued that the sentencing court's restitution order exceeded the court's statutory authority. *Id.* The court of appeals denied Lanning's appeal. *Id.*

Following the denial, Lanning sought discretionary review in the Washington State Supreme Court ("state supreme court") on the issue of whether there was sufficient evidence to prove he entered the house. *Id.* ex. 7. The state supreme court denied review without comment. *Id.* ex. 8. On August 20, 2009, Lanning submitted to this Court for filing a petition for writ of habeas corpus. Dkt. 1.

REPORT AND RECOMMENDATION – 3

## III. GROUNDS FOR REVIEW

Lanning raises the following thirteen grounds for relief in his amended habeas petition:

1. "I did not nor did a part of my body enter the residence!" Dkt. 8 at 6.

2. "The trial court erred in ordering restitution." *Id*. at 8.

3. " Dobson contradicted her testimony concerning placement of the candle and the blinds." *Id.* at 13-A.

4. "Wenzl contradicted his testimony concerning the search and seizure of my backpack." *Id*.

5. "That Wenzl contadited [sic] his testimony concerning the crime scene investigation." *Id.*

6. "Officer Wenzle perjured his testimony." *Id.*

7. "That officer Wenzle is the only officer to testify." *Id.*

8. "That Wenzle's notes would help him recollect his testimony." *Id.*

9. "Ms. Riquelme and Mr. Pedersen raised the grounds that I have prior crimes for dishonesty theft." *Id.*

10. "That I tried to elude office Wenzle." *Id*.

11. "That I was breaking into the residence to commit theft." *Id.*

12. "That I had a backpack." *Id.*

13. "That I had black gloves." *Id.*

## IV. DISCUSSION

**A.  Exhaustion**

Respondent contends and the Court agrees that Lanning failed to exhaust claim 2, that the trial court erred in ordering restitution. This Court may not consider the merits of a state prisoner's petition for a writ of habeas corpus unless the prisoner has first exhausted his available state court

REPORT AND RECOMMENDATION – 4

remedies. 28 U.S.C. § 2254(b). "[A] petitioner fairly and fully presents a claim to the state court for purposes of satisfying the exhaustion requirement if he presents the claim: (1) to the proper forum, (2) through the proper vehicle, and (3) by providing the proper factual and legal basis for the claim." *Insyxiengmay v. Morgan*, 403 F.3d 657, 668 (9th Cir. 2005) (citations omitted).

If a petitioner fails to properly present his federal claims to the state's highest court, and if he is procedurally barred from presenting those claims to the appropriate state court at the time of filing his federal habeas petition, the petitioner's claims are considered procedurally defaulted for purposes of federal habeas review. *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999).

In order to properly present a federal claim to a state court, a state prisoner must specifically indicate to the state court that his claims are based on federal law. *See Shumway v. Payne*, 223 F.3d 982, 987-88 (9th Cir. 2000). A habeas petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident." *Gatlin v. Madding*, 189 F.3d 882, 889 (9th Cir. 1999) (*citing Anderson v. Harless*, 459 U.S. 4, 7 (1982). A petitioner does not exhaust a federal claim by raising a state claim that is similar to the federal claim: "mere similarity of claims is insufficient to exhaust." *Duncan v. Henry*, 513 U.S. 364, 365-66 (1995)

As the party seeking habeas relief, Lanning bears the burden of showing that he has properly exhausted his claims. *Cartwright v. Cupp*, 650 F.2d 1103 (9th Cir. 1981). Here, Lanning raised claim 2 on direct appeal relying entirely on state law to argue that the trial court exceeded its statutory authority to order restitution because the loss suffered was not related to the offense committed. Dkt. 14, ex. 4 at 7-9. Lanning did not indicate that this claim was based on federal law. After the state court of appeals denied Lanning's direct appeal, Lanning sought discretionary review in the state supreme court. In order to exhaust claim 2, Lanning was required to present it to the

highest state court. Lanning did not. Accordingly, the record establishes Lanning failed to properly exhaust claim 2.

Lanning also failed to properly exhaust claims 3 through 13. Lanning did not raise claims 3 through 13 in the state courts. Rather, the record establishes that Lanning raised in the state court of appeals only two claims: there was insufficient evidence to prove he entered the residence and the trial court lacked the authority to order restitution. Dkt. 14, ex. 4, 7. Of these two claims, Lanning raised only the former in his petition for discretionary review to the state supreme court. Accordingly, Lanning has also failed to properly exhaust claims 3 through 13.

The Court also concludes claims 2 through 13 are procedurally defaulted for purposes of federal habeas review. As discussed above, Lanning failed to exhaust these claims. State law bars Lanning from presenting and attempting to exhaust those claims in the state court, now, because of the state statute of limitations. *See* RCW 10.73.090. Accordingly, claims 2 through 13 are procedurally defaulted for purposes of federal habeas review and may not be considered by this Court.

**B.      Standard of Review**

Respondent admits Lanning has exhausted claim 1. A federal court may grant a habeas corpus petition with respect to any claim that was adjudicated on the merits in state court only if the state court's decision was (1) contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the United States Supreme Court; or (2) based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. § 2254(d).

A state court ruling is contrary to clearly established federal law if the state court either arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or

decides a case differently than the Supreme Court "on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). A state court decision is an unreasonable application of Supreme Court precedent "if the state court identifies the correct governing principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id*. at 413. To be an unreasonable application of Supreme Court precedent, the state court's decision must be "more than incorrect or erroneous." *Cooks v. Newland*, 395 F.3d 1077, 1080 (9th Cir. 2005). Rather, it must be objectively unreasonable. *Lockyear v. Andrade*, 538 U.S. 63, 69 (2003).

In determining whether a state court decision was based on an unreasonable determination of the facts in light of the evidence, a federal habeas court must presume that state court factual findings are correct. 28 U.S.C. § 2254(e)(1). A federal court may not overturn state court findings of fact "absent clear and convincing evidence" that they are "objectively unreasonable." *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003). When applying these standards, a federal habeas court reviews the "last reasoned decision by a state court." *Robinson v. Ignacio*, 360 F.3d 1044, 1055 (9th Cir. 2004).

The Court retains the discretion to determine whether an evidentiary hearing is appropriate. *Downs v. Hoyt*, 232 F.3d 1031, 1041 (9th Cir. 2000). Following an independent review of the record, the Court concludes that an evidentiary hearing is unnecessary as the issues in this case may be resolved by reference to the state court record.

**C.     Claim 1: Sufficiency of evidence to support the conviction**

In the state court of appeals, Lanning contended that there was insufficient evidence of entry into a dwelling for a jury to convict him of residential burglary. Dkt. 14, ex. 4, 6. In his amended habeas petition, he reasserts this claim arguing "I did not nor did a part of my body enter the

residence." Dkt. 8 at 6.

To prevail on this claim, Lanning must show that "upon the record evidence adduced at trial no rational trier of fact could have found proof of guilt beyond a reasonable doubt," *Jackson v. Virginia*, 443 U.S. 307, 324 (1979), and that "the state court's adjudication [of petitioner's challenge to the sufficiency of the evidence] entailed an unreasonable application of the quoted *Jackson* standard." *Briceno v. Scribner*, 555 F.3d 1069, 1078 (9th Cir. 2009). "[T]he relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* at 319.

If the record supports conflicting inferences, the Court "must presume – even if it does not affirmatively appear in the record – that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution." *Jackson*, 443 U.S. at 326. A jury's credibility determinations are entitled to "near-total deference under *Jackson*." *Bruce v. Terhune*, 376 F.3d 950, 957 (9th Cir. 2004). The Washington State standard for determining sufficiency of evidence to support a conviction is identical to the federal standard. *State v. Joy*, 121 Wash. 2d 333, 338 (1993) ("In reviewing the sufficiency of the evidence, the question is whether, after viewing the evidence in the light most favorable to the State, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.").

When a state court has determined a sufficiency of the evidence claim, the Ninth Circuit has held that the AEDPA requires an additional degree of deference to the state court's decision. Consequently, habeas relief is not warranted unless "the state court's application of the *Jackson* standard [was] 'objectively unreasonable.'" *Juan H. v. Allen*, 408 F.3d 1262, 1274, 1275 n.13 (9th Cir. 2005) (as amended), *cert. denied*, 546 U.S. 1137 (2006).

After a careful review of the record the Court concludes that the state court's determination

that the evidence was sufficient to support Lanning's conviction was not an unreasonable application of the *Jackson* standard. As discussed below, when viewing the evidence in the light most favorable to the prosecution, the Court finds that a rational trier of fact could have reasonably determined beyond a reasonable doubt that Lanning committed residential burglary.

**1.     The state court's findings**

The state court of appeals made the following findings regarding the sufficiency of the evidence regarding Lanning's entry into the dwelling:

> A person commits the crime of residential burglary when he enters or remains unlawfully in a dwelling with the intent to commit a crime against a person or property therein. "Enter" is defined by statute to "include the entrance of the person, or the insertion of any part of his body, or any instrument or weapon held in his hand and used or intended to be used to threaten or intimidate a person or to detach and remove property."
>
> Lanning claims there was insufficient evidence to support the determination that he entered the residence. He asserts there is no evidence that any part of his body broke the plane between the window frame and the inside of the house.
>
> When reviewing the sufficiency of the evidence supporting a criminal conviction, this court does not determine whether it believes the evidence at trial established guilt beyond a reasonable doubt; rather the relevant determination to be made is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. A claim of insufficiency admits the truth of the State's evidence and all inferences that reasonably can be drawn therefrom.
>
> Here, Lanning removed the two outer screens from the front windows. He then took his knife and pried one of the widows, dislodging it from its track by at least two inches towards the inside of the residence. By his own admission he inserted the knife into the window frame and popped the window out of its track. In doing so, he knocked a candle off the windowsill inside the residence. Lanning's insertion of the knife to remove the window resulting with his knocking over the candle inside the residence is sufficient evidence for the trier of fact to determine that he entered the house. The conviction must be affirmed.

Dkt. 14, ex. 6 at 3-5. (footnotes omitted).

**2. Analysis**

In his amended habeas petition, Lanning claims there is insufficient evidence to prove he entered the residence. Specifically, he contends there is insufficient evidence that he pushed the window into the residence with a knife blade or with his hand, and that there is no evidence establishing he knocked over a candle that was inside the house on the sill of the window that was pushed open. Dkt. 8 at 6A.

The evidence presented at trial, however, establishes a rational trier of fact could have found Lanning had entered the residence beyond a reasonable doubt. There is no dispute Lanning removed the two outer screens from the front windows. Dkt. 14, ex. 10 at 76-77. The evidence shows he then took his knife and pried one of the widows, dislodging it from its track and pushing it towards the inside of the residence. *Id.* at 77-80. Lanning admitted he inserted the knife into the window frame and popped the window out of its track. *Id.* at 71. When asked: "[a]nd the window in fact did pop in when you forced the knife in and pushed the window in, " Lanning answered "yes." *Id.* at 80.

The state court of appeals noted, a person commits the crime of residential burglary when he enters or remains unlawfully in a dwelling with the intent to commit a crime against a person or property therein. *See* RCW 9A52.025(1) "Enter" is defined by statute to "include the entrance of the person, or the insertion of any part of his body, or any instrument or weapon held in his hand and used or intended to be used to threaten or intimidate a person or to detach and remove property." RCW 9A.52.010(2).

Based on Washington State's definition of residential burglary and the evidence presented at trial, the state court of appeals concluded that "Lanning's insertion of the knife to remove the

REPORT AND RECOMMENDATION – 10

window resulting with his knocking over the candle inside the residence is sufficient evidence for the trier of fact to determine that he entered the house." Dkt. 14, ex. 6 at 5. The Court agrees and finds a rational trier of fact could have found Lanning had entered the residence. Certainly, Lanning disputes the evidence leading to this conclusion. However, the Court on habeas review must view the evidence in the light most favorable to the prosecution and resolve conflicts in the evidence in favor of the prosecution. The Court concludes the state court's determination that the evidence was sufficient to support the jury's finding that Lanning entered the residence was not contrary to or an unreasonable application of the *Jackson v. Virginia* standard; Claim 1 should therefore be dismissed.

## CONCLUSION

For the reasons set forth above, the Court recommends that Lanning's amended § 2254 petition for writ of habeas corpus (Dkt. 8) be **DENIED** and this action **DISMISSED** with prejudice. A proposed order accompanies this Report and Recommendation.

DATED this 23rd day of November, 2009.

BRIAN A. TSUCHIDA
United States Magistrate Judge